UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:13-cr-48-DBH |
| ) | |
| ADAM WHITE, ) | |
| ) | |
|       Defendant ) | |

**MEMORANDUM DECISION ON MOTION FOR DISCOVERY**

The defendant, charged with possession with intent to distribute of 500 grams or more of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), Indictment (ECF No. 1) at 1-2, asks the court to order the government to produce certain records concerning the drug dog that was used to sniff his vehicle before his arrest, the dog's handler, and the handler's previous drug dog. Defendant's Motion for Discovery ("Motion") (ECF No. 25) at 1-2. He asserts that he seeks this material for review by his "potential drug dog expert," who "will opine that the dog's actions during the stop and sniff did not create a positive alert and generally reflect inadequate training of the dog." *Id*. at 2. I deny the motion.

### Discussion

In its response, the government states that it has already produced the following: certification documents for the handler; certification documents for the drug dog involved (Aros); all training records on file related to Aros; and a complete copy of the manual used to train and certify Aros. Government's Objection to Defendant's Motion for Discovery ("Objection") (ECF No. 32) at 2. It identifies the materials requested by the defendant that it

1

has declined to produce as all certification documents for the handler's previous drug dog (Caro) and all records, reports, and videos generated in other criminal investigations in which Aros has been involved. *Id*. at 3. The defendant does not disagree with this statement. Defendant's Reply to the Government's Objection to His Motion for Discovery ("Reply") (ECF No. 34) *passim*.

The parties also agree that *Florida v. Harris*, __ U.S. __, 133 S.Ct. 1050 (2013), establishes the legal standard for review of the defendant's discovery demand in this case. In *Harris*, the defendant refused consent to search his truck after a traffic stop, a trained narcotics dog alerted at the driver's side door handle, and a subsequent search of the truck yielded ingredients for manufacturing methamphetamine, but nothing that the dog was trained to detect. 133 S.Ct. at 1053-54. The defendant moved to suppress this evidence on the ground that the dog's alert had not provided the officer with probable cause for a search. *Id.* at 1054.

The state supreme court upheld the granting of the motion to suppress, creating a list of information that the state must present when a drug dog's alert is challenged, including

> the dog's training and certification records, an explanation of the meaning of the particular training and certification, field performance records (including any unverified alerts), and evidence concerning the experience and training of the officer handling the dog, as well as any other objective evidence known to the officer about the dog's reliability.

*Id*. at 1055. The state court "particularly stressed the need for 'evidence of the dog's performance history,' including records showing 'how often the dog has alerted in the field without illegal contraband having been found.'" *Id*.

The Supreme Court rejected the use of a mandatory checklist in such circumstances, observing in addition that "[m]aking matters worse, the decision below treats records of a dog's field performance as the gold standard in evidence, when in most cases they have relatively

limited import." *Id* at 1056. "The better measure of a dog's reliability thus comes away from the field, in controlled testing environments." *Id*.at 1057.

The Court elaborated:

> For that reason, evidence of a dog's satisfactory performance in a certification or training program can itself provide sufficient reason to trust his alert. If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search. The same is true, even in the absence of formal certification, if the dog has recently and successfully completed a training program that evaluated his proficiency in locating drugs. . . .
>
> A defendant, however, must have an opportunity to challenge such evidence of a dog's reliability, whether by cross-examining the testifying officer or by introducing his own fact or expert witnesses. The defendant, for example, may contest the adequacy of a certification or training program, perhaps asserting that its standards are too lax or its methods faulty. So too, the defendant may examine how the dog (or handler) performed in the assessments made in those settings. Indeed, evidence of the dog's (or handler's) history in the field, although susceptible to the kind of misinterpretation we have discussed, may sometimes be relevant[.] . . . ("[T]he defendant can ask the handler, if the handler is on the stand, about field performance, and then the court can give that answer whatever weight is appropriate"). And even assuming a dog is generally reliable, circumstances surrounding a particular alert may undermine the case for probable cause – if, say, the officer cued the dog (consciously or not), or if the team was working under unfamiliar conditions.
>
> In short, a probable-cause hearing focusing on a dog's alert should proceed much like any other. . . . The question—similar to every inquiry into probable cause—is whether all the facts surrounding a dog's alert, viewed through the lens of common sense, would make a reasonably prudent person think that a search would reveal contraband or evidence of a crime. A sniff is up to snuff when it meets that test.

*Id*. at 1057-58.

In the instant case, the defendant has offered no reason why he should be entitled to information beyond that contemplated by the Supreme Court in the run-of-the-mill drug-sniffing dog case. He relies on *United States v. Thomas*, 726 F.3d 1086 (9th Cir. 2013), Motion at 8-9,

3

but incorrectly characterizes that opinion as "affirm[ing] the importance of the types of requests made herein[,]" *id*. at 8. In *Thomas*, the Ninth Circuit directed the district courts in that circuit to provide the following information when a defendant "requests dog-history discovery to pursue a motion to suppress": the handler's log, training records and score sheets, certification records, and training standards and manuals pertaining to the dog in question. *Thomas*. 726 F.3d at 1096. This list clearly does not include records of a different dog previously handled by the same officer, or any records of other sniff searches by the dog in question. The government had produced the listed documents, but they were heavily redacted, and that alone was the basis of the Ninth Circuit's reversal of the trial court's denial of the defendant's motion to suppress. *Id*. at 1098. There has been no suggestion of redaction in this case; indeed, the government represents that the records provided are "un-redacted." Objection at 4.

      The defendant lists "several salient facts" that he contends that the government does not contest at pages 2-3 of his reply memorandum, all of which are drawn from the affidavit of his expert witness, Steven Nicely. All of these "facts," as well as the opinions included in several of them, were ascertained by Nicely without resort to the additional evidence sought by the defendant. The only exception is the final item in the list, which reports that Nicely wishes to compare the training records of the previous dog with which Aros's handler worked "in order to establish the differences in the training of each dog, and to determine if there were deficiencies in Aros' training." Reply at 3. The defendant makes no showing that differences in the training of each dog would necessarily demonstrate deficiencies in the training of Aros.[1] That is a

---

[1] I reject the defendant's assertion that "[t]hese facts should be deemed admitted when this Court enters an Order on the Defendant's Motion. The Government has not contradicted these facts, or presented its own expert in opposition." Reply at 3. In this court, in criminal cases at the pretrial stage, facts are established only by written stipulation signed by all parties or at an evidentiary hearing. Neither has yet occurred in this case.

necessary threshold issue to be determined before the demand for such evidence may be considered.

According to this court's research, Nicely has been able in the past to testify that drug-sniffing dogs were inadequately trained and that their alerts were false positives based on information no more extensive than that which has already been made available in this case. For example, in the Eastern District of Louisiana, Nicely testified earlier this year that a narcotics detection dog who alerted to several areas of the defendant's vehicle during two passes after a highway stop was inadequately trained and was cued to alert by his handler, based on a video recording of the sniff. *United States v. Guyton*, Criminal Action No. 11-271, 2013 WL 2394895, at *6-*8 (E.D. La. Apr. 16, 2013).

Nicely testified similarly at a suppression hearing in *United States v. Lindsay*, Cause No. A-13-CR-032-LY, 2013 WL 3864675 (W.D. Tex. July 24, 2013). He reviewed the dog's training records and a video of the dog's alert. *Id.* at *3. Nicely testified that he does not agree with the Supreme Court's ruling in *Harris*, *id.* at *7, but that opinion is binding on this court. There is no suggestion in the *Lindsay* opinion that Nicely sought additional evidence, like that sought here, in order to bolster his opinions.[2]

On the showing made, the defendant is not entitled to production of the evidence sought in this motion. *See also United States v. Poole*, No. CR13-3003-MWB, 2013 WL 3808243, at *9 (N.D. Iowa July 22, 2013) (applying *Harris* to expert testimony that handler committed errors while deploying drug-detection dog and that dog did not genuinely indicate presence of drugs); *United States v. Salgado*, No. CR 12-30088-OL-02-RAL, 2013 WL 1348264, at *7-*8 (D.S.D. Apr. 1, 2013) (applying *Harris* to deny defendant access to "real-world records" of a drug-

---

[2] The presiding judge also noted that "Nicely's behavioral-science approach to detection-dog training has not been adopted by the courts or the law-enforcement community as either a recognized method or the standard for analyzing the reliability of drug-detection dogs." 2013 WL 3864675 at *8.

detection dog).  Nicely can present his opinions without access to the additional information that the defendant has requested.

## Conclusion

For the foregoing reasons, the defendant's motion for discovery is **DENIED.**

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 22nd day of October, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge